STUTSMAN COUNTY, a Public Corporation, Respondent, v. DA-KOTA TRUST COMPANY, a Corporation, Appellant.

(181 N. W. 586.)

**Depositaries — surety on bond liable for interest from time of demand at legal rate.**

In an action upon a surety bond, where a bond was given to a county to secure the demand deposits of the county, with interest upon the average daily balances during each month at 3 per cent per annum, pursuant to the proposal of the bank, the county, after default of the bank, is entitled to recover interest upon the principal demand at the legal rate of 7 per cent per annum from the time of the demand made upon the surety until July 1, 1915, and thereafter at the rate of 6 per cent per annum.

Opinion filed January 24, 1921.

Appeal from judgment in favor of the plaintiff in District Court Stutsman County, *Coffey,* J.

Judgment modified and affirmed.

## Statement.

BRONSON, J. This is an action upon a surety bond. The defendant has appealed from a judgment in favor of the plaintiff. The defendant terms this action a friendly lawsuit. A question of law alone is involved. This question was presented to this court heretofore by certification, but jurisdiction was declined by reason of the manner in which certification was made. See Stutsman County v. Dakota Trust Co. 45 N. D. 451, 178 N. W. 725. The facts are stipulated. Therefrom it appears that the Medina State Bank was the designated county depository of the plaintiff. The defendant furnished a surety bond to the plaintiff upon the condition that the bank should safely keep and repay, according to the provisions of §§ 2435 to 2437 inc., Rev. Codes 1905, any and all funds deposited with such bank, subject to draft on demand, together with interest thereon at the rates specified in the application or proposal to the bank.

The proposal of the bank made to and accepted by the county stated in writing that interest at the rate of 3 per cent per annum would be paid on the average daily balances during each month on the demand funds of such county deposited in such depository, with interest to be

paid monthly, and upon condition that such funds, with accrued interest, should be held subject to draft of the county at all times on demand. The bank became insolvent and passed into the hands of a receiver. It then had demand funds of the county on deposit amounting to $5,035.30. On January 30, 1914, notice of the bank's default and demand for payment of the funds involved was made upon the defendant. Subsequently, by dividends paid through the receiver, the principal demand was reduced to $3,035.30, not including items of interest. After the commencement of this action, the defendant tendered payment of the principal sum, with interest at 3 per cent per annum. This tender was refused.

The only question in dispute between the parties is the rate of interest which the county is entitled to recover upon the principal amount pursuant to the facts as stipulated. It is the contention of the defendant that it is liable only for the contract rate of interest stipulated by the Medina State Bank in its proposal to the county, to wit, 3 per cent per annum. That plaintiff's cause of action is not based upon a new obligation, but upon the very contract itself; that, pursuant to statute, § 6078, Comp. Laws 1913, the stipulated contract rate remains in force after breach of the contract; that pursuant to statute, § 6072, Comp. Laws 1913, the contract in question carried the same rate of interest after, as before, maturity. That, furthermore, pursuant to statute, § 6677, Comp. Laws 1913, the surety was not obligated beyond the express terms of the contract made.

On the other hand, the plaintiff contends that the obligation of the surety was as broad as that of its principal,—that upon failure of the bank to make payment pursuant to its contract, after demand, the depositary rate of interest no longer governed, and there then became due to the county the amount of the demand plus interest at the legal rate of 7 per cent per annum.

*Lawrence & Murphy,* for appellant.

"The Code law embraces the whole subject of interest and must control it." Chipman v. Dem (Cal.) 48 Pac. 618.

"A surety cannot be held beyond the express terms of his contract, and if such contract prescribes a penalty for its breach he cannot in any case be liable for more than the penalty." Comp. Laws 1913, § 6677.

Moneys after due bear interest at the same rate as before maturity,

and the statute rate of interest takes effect after the maturity of the obligation only in the event that there is no interest rate fixed in the contract to be paid either before or after maturity.    Overton v. Belton (Tenn.) 24 Am. Rep. 373; Hubbard v. Callahan, 42 Conn. 534, 19 Am. Rep. 575; Hopkins v. Crittendon, 10 Tex. 189; Findley v. Hall, 12 Ohio, 610; Spencer v. Maxfield, 16 Wis. 178; Adams v. Way, 33 Conn. 431; Cornwall v. Sac County, 96 U. S. 61; Entrye v. McDaniel, 28 Ill. 203.

*John W. Carr,* for respondent.

"A surety is an insurer of the debt." Northern State Bank v. Bellamy, 19 N. D. 509, 125 N. W. 888.

"We are not unmindful of the fact that a paid surety or bonding company is treated rather as an insurer than a surety." Long v. American Surety Co. 23 N. D. 492, 137 N. W. 41.

"A surety is bound with the principal on the identical contract under which the liability of the principal accrues." 20 Cyc. 1400.

If a debt ought to be paid at a particular time, and is not then paid, through the default of the debtor compensation in damages equal to the value of the money, which is the legal interest upon it, shall be paid during such time as the party is in default." Empire State Surety Co. v. Lindenmeier, Ann. Cas. 1914C, 1189, 1192; 18 C. J. 593, ¶ 73.


BRONSON, J. (after stating the facts as above).    It is evident that the bank under its contract was obligated to maintain, subject to demand, the county deposits, and to pay interest thereon monthly, on demand, upon the daily average balances, per month.    The payment of interest on such daily balances was a mere incident to the main obligation to maintain these deposits of the county subject to demand.    When the bank became insolvent, these demand deposits, including the accrued interest, no longer could be paid upon demand.    There then arose a breach of the bond given by the defendant to the plaintiff, to wit, the engagement to insure the maintenance of such demand funds with the interest specified.    In no manner can this engagement be termed a contract to pay interest at 3 per cent per annum upon demand deposits when they were not subject to be so termed.    The contract rate concerns the payment of interest upon the fluctuating balance of demand deposits.    A distinction may be drawn between a contract to pay money

only and the obligation to maintain demand funds and the payment of interest thereupon, pursuant to a fluctuating balance, while the same are maintained as demand funds. After they ceased to be available as demand deposits, the contract rate for the payment of interest upon a fluctuating balance did not then apply. See Central Bank & Trust Corp. v. State, 139 Ga. 54, 76 S. E. 589; Fidelity & D. Co. v. Wilkinson County, 109 Miss. 879, 69 So. 869; 18 C. J. 594. In a manner, the defendant was an insurer of this obligation on the part of the bank. Long v. American Surety Co. 23 N. D. 492, 504, 137 N. W. 41. The legal rate of interest is allowable by way of compensation as damages for breach of the contract. First Nat. Bank v. State Bank, 15 N. D. 594, 613, 109 N. W. 61; Comp. Laws 1913, §§ 7141, 7142. See 22 Cyc. 1523. The plaintiff was entitled to recover the legal rate of interest from the time of the demand made upon the surety. Dickinson v. White, 25 N. D. 523, 538, 49 L.R.A.(N.S.) 362, 143 N. W. 754. See note in Ann. Cas. 1916B, 1236, 1244. Until July 1, 1915, the legal rate of interest was 7 per cent per annum. Comp. Laws 1913, § 6072. Since that time the legal rate of interest has been 6 per cent per annum. Laws 1915, chap. 176. The trial court allowed interest at the rate of 7 per cent per annum from the time of the demand. In this regard we are of the opinion that the trial court erred. The plaintiff seeks to recover interest as damages, and not by reason of the contract. It is entitled accordingly to recover such legal interest pursuant to the statutory rate covering the respective periods involved, namely, interest at 7 per cent per annum upon the principal demand until July 1, 1915, and thereafter at 6 per cent per annum. See 22 Cyc. 1523; O'Brien v. Young, 95 N. Y. 428, 47 Am. Rep. 64. It is ordered that the judgment be modified accordingly, and, as so modified, that it be affirmed. Neither party will recover costs upon this appeal.

ROBINSON, Ch. J., and CHRISTIANSON and BIRDZELL, JJ. concur.

GRACE, J. (dissenting). The Medina State Bank, in pursuance of the provisions of article 11 of the Political Code, Comp. Laws 1913, was duly designated a depositary of the county funds of the county of Stutsman, and this, we presume, by reason of proceedings taken by the county commissioners, in pursuance of article 11, and the advertisement

by the county auditor, in the manner prescribed by law, for sealed proposals for the deposit of the funds of the county, and the proposal, by this bank, to act as depositary for the money of the county. It was agreed a compensation of 3 per cent per annum should be paid monthly by the bank, on the average daily balances. The above constituted a contract between the parties.

There never has been any modification of that contract. The liability of the defendant must be measured by the conditions of the bond, which it executed and delivered to secure the performance of the contract.

The county treasurer, in the manner prescribed by law, could issue his check against the county funds, and the funds in the bank were at all times subject to his check, issued in the discharge of his lawful duties.

By law, he can deposit the county money in such banks only as are lawfully designated county depositaries. The contract was in full force and effect at the time the bank became insolvent. The question before us is: Can the plaintiff, without the consent of the defendant, change the terms and conditions of the bond? And the question for this court is: Can it, by its decision, impair it, by changing materially its terms?

Section 6072, Comp. Laws 1913, provides, that all contracts shall bear the same rate of interest after they become due as before, unless it clearly appears therefrom that such was not the intention of the parties.

The conditions of the bond, so far as material here, are as follows:

"Whereas the Medina State Bank of Medina has made application, or is about to make application, or proposal, to the board of county commissioners of Stutsman county, to become one of its depositaries, under provisions of §§ 2435–2437 of the 1905 Revised Codes of North Dakota.

"Now, therefore, if the said bank is designated one of the depositaries of said county, under the provisions of said section, and shall safely keep and pay according to the letter and intent of said sections, any and all funds deposited with it, subject to draft on demand, *together with interest thereon, at the rate specified in said application, or proposal, then this obligation to be null and void, but otherwise to be and remain in full force and effect.*"

This action is brought to recover from the defendant, upon its lia-

bility on the bond. That is what determines the extent of its liability. It did not bind itself to become liable in any way, otherwise than as specified therein. Its liability would be an amount of money equal to the amount of the deposits of the county the bank failed to repay, together with interest, as specified in the bond, and not otherwise. The amount of the bond was $5,000, and the amount of the deposits which the bank failed to repay the county was $3,035.30. For this amount the bank was liable, together with interest, as specified in its bond.

The entire transaction between the county and the bank amounted, in fact and in law, to a loan by the county to the bank, of the money which remained on deposit in the bank each day, the amount thereof varying from day to day, all of which was contemplated by the contract, the bank to pay 3 per cent interest for the loan of such money, while it was on deposit.

The duty of the bank at all times was to pay the money on lawful check of the county treasurer, and the latter could, in a lawful manner, check out the whole account, or issue his check for the whole account, and demand that it be paid, and could redeposit it, as authorized by law, with another lawful depositary.

We will assume that a lawful demand was made upon the bank for the money on deposit, and the same was not paid. This would, no doubt, constitute a default in its contract, and it, and those liable with it, would become immediately liable for the amount on deposit at the time of the demand, together with interest thereon at the rate specified.

The defendant's liability, of course, would be upon the conditions specified in the bond. The decision of the majority, however, makes a new condition in the bond, by adding a different term therein, to wit, a new, different, and largely increased rate of interest. This is an impairment of the terms of it, nothing less.

In E. J. Lander & Co. v. Deemy, 46 N. D. 273, 176 N. W. 922 (the writer dissenting) those who now sign the majority opinion, with the exception of Justice Robinson, held that a remedy prescribed by the legislature for the cancelation of certain land contracts, different from the remedy which existed at the time of making the contract, was an impairment of the contract, though, in the remedy later prescribed, every property right of the owner seeking to cancel it was amply protected, and reasonable provision made for the enforcement of it.

In that case, § 8122, Comp. Laws 1913, as amended by chapter 180 of the Laws of 1915, and as again amended by chapter 151 of the Laws of 1917, were before this court for construction. Those sections relate to the time in which the vendee who is in default, in a contract for the purchase of land, may cure the default by performance after notice of cancelation is served upon him.

Section 8121, as amended by the 1915 Law, provided that the vendee should have thirty days in which to perform the conditions, or comply with the provisions upon which the default occurred, and, upon compliance, the contract would be reinstated.

The 1917 Law extended the time from thirty days to six months, and though no right of the vendor was taken from him thereby, and though the law related only to the remedy, and though it afforded a reasonable remedy and reasonable time in which to exercise it, this court held that the extension of the time to six months was an impairment of the vendor's contract.

There is no doubt but that construction of the law is erroneous, but it became the law of that case. There is no doubt that the contract was not there impaired, for a reasonable remedy had been provided for its enforcement. (See decisions of United States cited there in the writer's dissenting opinion.) That is all that is required, and when such reasonable remedy is provided, no impairment of the contract results.

This case, however, is entirely different to that. Here, the contract, that is the bond, is impaired by a change of its very terms. The rate of interest specified in the application, or proposal, was 3 per cent.

The money having become due on demand, and the bank having detained the money thereafter, it was liable to pay interest, but only at 3 per cent.

Section 6070, Comp. Laws 1913: "Interest is the compensation allowed for the use, or forbearance, *or detention of money, or its equivalent.*" The money was detained by the bank, but that constituted only a default, making defendant liable for the amount so detained, with interest at the rate specified.

There is another view of this case that would seem material. Section 3322, Comp. Laws, prohibits the board of county commissioners from appointing any bank a depositary, offering to pay more than 3 per cent per annum on deposits subject to check.

Section 3323 requires that all funds of the county shall be deposited, in the name of the county, by the county treasurer, as soon as received, in the designated county depositary. If the rate provided for in the bond may be changed, what, then, is the measure of damage for interest, by reason of the county not receiving its money upon demand? Is it not the rate at which, under the law, it could redeposit the same with another county depositary, to wit, 3 per cent? We are so inclined to believe.

If the county treasurer, upon demand, had received the money from the bank, he was required, by § 3323, Comp. Laws, to redeposit the same in another depositary bank. In what way, then, so far as the record here shows, has the county lost any money by reason of the detention of the deposits here involved?

The highest legal rate of interest permitted to be received upon county deposits, subject to check, is not 7 per cent, nor 6 per cent, as stated in the majority opinion, but 3 per cent, as fixed by law.

The authority cited in the majority opinion is not in point; for we have the impression that, in those cases, there was not, as here, a special law, or special contract, fixing the rate of interest for the deposits in question.

The defendant, at all times since the commencement of suit, has been able, ready, and willing to perform the terms of its contract, and to pay the rate of interest on the deposits detained, as specified in its contract, which is also the highest rate permitted by law for deposits of that character. It should not be mulcted in damages for the excess rate of interest, nor should it be required to pay any costs in any court. For it duly offered to do all that its contract and the law required of it.