**In re AMERICAN BANK & TRUST CO. OF ARDMORE.**

No. 26163.    March 3, 1936.

M. B. Cope and J. P. Hughes, for plaintiff in error.

H. A. Ledbetter, for defendant in error.

McNEILL, C. J. This action involves the question of allowance of the statutory interest bearing rate on a deposit after the date of insolvency of a bank.

On May 26, 1933, the State Bank Commissioner took charge of the American Bank & Trust Company of Ardmore, Okla., by reason of its insolvent condition. At that time the city of Ardmore had on deposit $49,305.91 of public funds deposited by the city of Ardmore. The bank, prior thereto, had agreed under contract and statutory authority to pay three per cent. interest on the average daily balances on these public funds.

The city of Ardmore, after an adjustment of its account, resulting from the sale of certain assets of the bank which it held as security for its deposit, submitted its claim in the liquidation proceedings to the Bank Commissioner for interest at the rate of six per cent. per annum from the date the bank closed. The Bank Commissioner disallowed this claim for the sum presented and allowed interest at the aforesaid contract and statutory rate of interest. The district court rendered judgment for the city under its contention for six per cent. interest, and the question, and sole question, for the determination of this court is whether the city is entitled to interest at the rate of six per cent. per annum from the date of the closing of the bank or whether

the Bank Commissioner, as receiver, is liable for interest at the statutory or contract rate made between the bank and the city at the time said deposit was made.

The deposit of city funds was made pursuant to section 5957, O. S. 1931.

Michie, on Banks and Banking, vol. 3, page 329, announces the general rule of law applicable to payment of interest on deposits as follows:

"As against the assets of insolvent bank, generally interest on a claim is calculated only to the date of the suspension and the vesting of title of the assets in the receiver, unless there are surplus assets after paying the indebtedness. As between the creditors themselves, some cases hold that no interest is allowed upon their respective claims, whether preferred or unpreferred, after the appointment of a receiver. * * *

"Interest at the contract rate should be credited on the accounts of creditors to the date the receiver took possession of the bank's assets and thereafter interest is not allowable, as between the creditors themselves, but is allowable against the bank, and if the assets are sufficient for the payment of the principal indebtedness as established at the time the receiver took possession, interest should be paid at the legal rate before distribution of the surplus to the stockholders."

The city of Ardmore cites the cases of Stutsman Co. v. Dakota T. Co., 47 N. D. 228, 181 N. W. 586; Central Bank & Trust Co v. State, 139 Ga. 54, 76 S. E. 589; City of Portland v. State Bank of Portland, 107 Ore. 267, 214 P. 813, in support of its contention for the statutory contract rate of interest of six per cent. after the bank became insolvent. These cases uphold the minority rule. This interest question is discussed in a note of the annotator found in 39 A. L. R. 457, wherein it is stated:

"And according to the rule laid down by the United States Supreme Court in Thomas v. Western Car Company (1893) 149 U. S. 95, 37 L. Ed. 663, 13 Sup. Ct. Rep. 824, and followed in most state courts, interest is not allowed against funds in the hands of a receiver or assignee in insolvency, from the time of the appointment of the receiver of the assignment. 23 R. C. L. 104. It has been said that the basis of this rule lies in the fact that the delay in distribution is the act of the law, and is a necessary incident to the settlement of the estate. Thomas v. Western Car Co. (U. S.) supra."

There must exist, of necessity, an enforced delay before a Bank Commissioner can wind up the affairs of a failed bank.

Of course, if there should be ample funds to pay the claims of all creditors, including the statutory rate of interest, there is no sound reason why the creditors should not be allowed the interest bearing rate during the administration of the liquidation proceedings.

The assets of the bank at the time of its failure are a trust fund to be held for the benefit of all of its creditors. The deposit of the city could not earn interest for the bank while the bank was in the course of liquidation, and when it is shown that there are not sufficient assets to pay all claims with interest and costs, then the statutory interest rate should not be paid to one creditor to the detriment of the other creditors. Leach v. Sanborn State Bank, 210 Iowa, 613. 231 N. W. 497, 69 A. L. R. 1206; Taylor v. Corning Bank & Trust Co., 185 Ark. 691, 48 S. W. (2d) 1102.

Under the foregoing authorities, the city was not entitled to any interest from the date of insolvency.

The judgment of the trial court is reversed, with directions to proceed not inconsistent with the views herein expressed.

BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.