TULSA BLDG. & LOAN ASS'N et al.
v. LEONARD.

No. 29550. March 25, 1941.

Rehearing Denied April 23, 1941.

*112 P. 2d 363.*

T. Austin Gavin, Milsten & Milsten, and James D. Johnston, all of Tulsa, for plaintiffs in error.

C. H. Rosenstein and Conner & Winters, all of Tulsa, for defendant in error.

GIBSON, J. The defendants below appeal from a judgment of the district court rendered on mandate in the former appeal of this cause (Leonard v. Tulsa Building & Loan Ass'n et al., 184 Okla. 558, 88 P. 2d 875).

The original action was to recover the aggregate amount of certain cash de-

posits made by plaintiff with the defendant association, with interest on each deposit at the statutory rate from the date thereof. The former judgment was for the amount of the principal, without interest. On appeal the same was reversed as to the item of interest, and remanded with directions to determine the amount of interest due from the date of the various deposits and enter judgment for plaintiff accordingly. The direction of this court as contained in the opinion reads as follows:

"Accordingly, the cause is remanded to the trial court, with directions to determine the amount of interest due from the dates of the various deposits, and to enter judgment in accordance herewith, giving due consideration to the fact that a receiver had been appointed for the defendant corporation."

At the hearing on mandate a dispute arose as to the duration of the interest-bearing period on the deposits. Defendants insisted that since the association had been adjudged insolvent as of the 1st day of January, 1931, its creditor, the plaintiff, was entitled to no interest after that date. But the trial court allowed 6 per cent. interest from the date of each deposit until the satisfaction of the judgment.

Defendants say the trial court was clearly in error in the face of the former opinion, the mandate, and the law in such case.

It is contended that certain language in the former opinion indicates clearly that interest was to be paid only to the date of insolvency, which, according to defendants, was January 1, 1931. The portion of the opinion here referred to reads as follows: "To refuse plaintiff interest under the circumstances reflected from the judgment in this case would give defendant an unconscionable advantage. It would entitle defendant to the use and benefit of plaintiff's money, obtained by defendant's fraud, and under a contract which defendant knew plaintiff was entitled to disaffirm, for a period of more than seven years, without the payment of one cent for such use and benefit." And this, say defendants, coupled with the statement first quoted above wherein the trial court was cautioned to give due consideration to the fact that a receiver had been appointed, leaves little doubt that this court was of the opinion that the interest period was limited to the date of the adjudication of insolvency.

Since the insolvency of a debtor, or the appointment of a receiver for his assets, is an important element in determining the interest-drawing period on his creditors' claims, there appears to be some basis for the foregoing argument. In re American Bank & Trust Co., 176 Okla. 202, 55 P. 2d 470. In that case the court followed the majority rule to the effect that interest on claims against an insolvent debtor is calculated only to the date of suspension of business and the vesting of title to the assets in the receiver, unless it is shown that a surplus of assets will exist after payment of all indebtedness. See 39 A. L. R. 457, note.

Since the first deposit made by plaintiff was approximately seven years prior to December, 1930, it would seem that the court on the former appeal had reference to the latter date when it said that the plaintiff had been wrongfully deprived of interest for more than seven years. But this was not intended as a holding that interest should cease at the moment of insolvency. The remarks in question were intended merely as an approximation of the period during which the plaintiff was entitled to interest without question. The actual order of the court was that the amount of interest be determined according to the rule of law that interest will ordinarily cease upon the appointment of a receiver, unless a surplus of assets is shown as aforesaid.

The contention that the association was insolvent on January 1, 1931, is founded on an order or judgment of the trial court in another cause holding that the association had been insolvent from and after December, 1930. This order bears date of January 8, 1936. But the record shows that a receiver was not appointed until May 29, 1934.

Without doubt, plaintiff was entitled to the statutory rate of interest up to the latter date, May 29, 1934. Whether interest could be recovered thereafter depended on proof of surplus assets after payment of all claims. By its judgment the trial court has found that there were sufficient surplus assets, and the record discloses sufficient evidence to sustain that finding.

A financial institution like a building and loan association is said to be insolvent when it is unable to repay the investments of its members or stockholders in full, and in such case may be liquidated by the receiver for the benefit of the stockholders. 9 C. J. 991. But, as to the ordinary creditor, the investments of the stockholders are not to be considered in the liquidation of claims. Under the receivership the claims of the ordinary creditor are superior to the claims of stockholders. In applying the above rule for the calculation of interest and the collection thereof beyond the date of receivership the principal question is whether there are sufficient assets to pay all creditors' claims in full, without regard to the investment claims of the stockholders. In 12 C. J. § 116, relating to receivership of building and loan associations, we find the following statement:

"Interested parties occupying the position of general creditors are entitled to be paid in preference to those whose claims are founded on the relation which they sustain to the association as members thereof."

This is apparently the rule adopted in most jurisdictions.

There is sufficient evidence in the record here to sustain the finding that ample assets existed to pay all creditors in full, including interest and costs.

Defendants have raised a question of jurisdiction in the trial court to render the judgment on mandate. In this connection it is urged that the former judgment had been fully satisfied of record pursuant to order of court prior to the appeal therefrom (184 Okla. 558, 88 P. 2d 875), and that said judgment had become res judicata as to all questions, including payment of interest, prior to the mandate.

It is shown that subsequent to the rendition of the first judgment and prior to the appeal therefrom the defendants moved for an order authorizing them to satisfy the judgment. After a hearing at which plaintiff was present the trial court authorized defendants to deposit the amount of the judgment in court. This was complied with by defendants, and the plaintiff did not appeal. Defendants apparently believe that the failure of plaintiff to appeal resulted in final disposition of the cause. They say the order was a final one and therefore appealable under the Code (sec. 529, O. S. 1931, 12 Okla. Stat. Ann. § 953); and that the order was one made "upon a summary application in an action after judgment" within the meaning of the statute, and was a final judgment.

In answer to this contention it should be sufficient to say that an order of court authorizing payment of a judgment of this character pending appeal therefrom is ineffective for any purpose. It is wholly optional with plaintiff in such case whether he accept payment or appeal. The most that can be said of the payment into court is that it may have been a tender of payment which, if accepted, would have ended the litigation for all time. Acceptance is the controlling factor, not tender. The order of the court added no particular dignity to the proceeding. The trial court does not have power to compel the judgment creditor to accept satisfaction of the judgment so long as the remedy of appeal therefrom lies with such creditor. Defendants call attention to the rule expressed in 34 C. J. 729 to the effect that either party to the judgment may apply to the court to have it satisfied of record, and that the court's order in such case is appealable. 34 C. J. 730. But the discussion in the text pertains entirely to judgments that have become final either by failure of appeal or by acceptance of satisfaction. There was no issue here of acceptance of payment.

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY and DAVISON, JJ., concur.