Carl B. SEBRING, Bank Commissioner of the State of Oklahoma, Capitol Hill State Bank, a corporation, and Hartford Accident and Indemnity Company, Plaintiffs in Error,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, a corporation, Defendant in Error.

No. 40144.

Supreme Court of Oklahoma.

Dec. 20, 1963.

Rehearing Denied June 30, 1964.

Application for Leave to File Second Petition for Rehearing Denied April 27, 1965.

Mac Q. Williamson, Atty. Gen., by Jim Barnett, Asst. Atty. Gen., Charles R. Nesbitt, Atty. Gen., by W. J. Monroe, Asst. Atty. Gen., for Carl B. Sebring.

Mosteller, Fellers, Andrews, Snider & Baggett, by Bryce A. Baggett, Oklahoma City, for Capitol Hill State Bank.

Fenton, Fenton, Smith & McCaleb, by Edgar Fenton, Oklahoma City, for Hartford Accident & Indemnity Co.

Donald H. Sharp, James A. DeBois, Oklahoma City, Leslie H. Fisher, Asst. Gen. Counsel, John F. Lord, General Counsel, Federal Deposit Insurance Corporation, of counsel, for defendant in error.

HALLEY, Vice Chief Justice.

There is no dispute about the facts in this matter. All the interested parties entered into a stipulation concerning the facts. The Capitol Hill State Bank, hereafter called the bank, is a banking corporation organized and existing under the laws of the State of Oklahoma. Federal Deposit Insurance Corporation, hereafter called FDIC, is a corporation organized and existing under Acts of Congress of the United States. Carl B. Sebring is the Bank Commissioner of the State of Oklahoma, hereafter called the commissioner. Hartford Accident and Indemnity Company, hereafter called Hartford, is an intervenor in this matter by reason of its having paid fidelity losses under fidelity bonds it had written in favor of the bank.

The bank was closed by order of the commissioner on July 29, 1960, and taken into his hands for liquidation. The affairs of the bank have since that time been substantially liquidated. The principal of most deposits and claims of other creditors existing against the bank, as of the time its assets were taken for liquidation, have been paid. There remains in the hands of the commissioner cash and assets of an approximate value of $406,255, which is more than sufficient to pay (a) the costs and expenses of this liquidation proceeding, (b) the principal amount of all duly filed claims of creditors of the bank which are now unpaid, (c) the demand for interest which is at issue on this appeal, and (d) interest on the principal amount of the claims of all other creditors of the bank.

The bank deposits were insured by FDIC up to the amount of $10,000 for each deposit. After the commissioner took possession of the bank, FDIC pursuant to law promptly paid the insured depositors totaling $4,763,717.71 in principal amount. FDIC received from each depositor a combination receipt and assignment of claim. Thereafter FDIC filed with the commissioner its claim against the assets of the bank for the total sum paid. Other creditors and depositors not paid by FDIC made their individual claims with the commissioner. These claims were approved by the commissioner. On February 9, 1961, FDIC made demand upon the commissioner for itself and on behalf of other creditors and depositors for interest on all claims at the legal rate of 6% per annum for the period from the date the commissioner took possession of the bank until payment of the claims. The commissioner paid a first dividend to FDIC and to most of the other creditors and depositors on February 23, 1961. On March 20, 1961, the commissioner rejected and disallowed the demand for interest. The commissioner paid subsequent dividends on June 7, June 15, and July 20, 1961. The several dividends paid were equal to the principal amounts of the allowed and approved claims made by FDIC and other creditors and depositors.

On May 8, 1961, FDIC filed its petition with the District Court of Oklahoma County reciting the above facts and praying for judgment directing the commissioner to allow its claim for $163,655.31 for interest, and to allow the claim of the other creditors and depositors of the bank for interest in the amount of $23,138.19.

The parties briefed and argued the matter to the District Court. On August 29, 1961, the District Court entered its judgment or order directing the commissioner to allow

the demand for interest of FDIC in the amount of $163,655.31 and that it be paid out of the funds in the hands of the commissioner as a result of the bank liquidation, and further directing the commissioner to allow the demand of all other depositors and creditors in the sum of $23,138.19 for interest to be paid out of said funds. The commissioner, the bank, and Hartford bring this appeal jointly. For convenience, their argument will be referred to as argument by the commissioner.

The commissioner's arguments on appeal are in two parts: (A) that FDIC's demand for interest should not have been allowed, and (B) that even if FDIC's demand is allowed, the demand for interest on behalf of all other creditors and depositors should not have been allowed. We will consider these arguments in order.

(A) The commissioner recognizes that in the cases of In re American Bank & Trust Co. of Ardmore, 176 Okl. 202, 55 P.2d 470, and In re Farmers State Bank of Garber, 185 Okl. 336, 91 P.2d 749, this Court has stated the general rule that depositors and creditors of a failed state bank are not entitled to interest on their claims, unless assets are sufficient to pay all depositors and creditors. In two other cases we stated such a rule in connection with an insolvent trust company and an insolvent savings and loan association. See Barnett v. Kennedy, 185 Okl. 409, 92 P.2d 963; and Tulsa Building & Loan Ass'n v. Leonard, 188 Okl. 562, 112 P.2d 363. The commissioner argues that this general rule is not applicable in the instant case for any one of several reasons.

■ First, he argues, in those cases this Court was not considering cases where there were sufficient assets to pay the claims of all creditors and therefore the rule is not binding on this Court. We disagree. In the Farmers State Bank of Garber case, supra, we were deciding the status of only one of the bank's creditors. From the record before us in that case we were unable to say whether the assets would or would not be sufficient to pay all creditors. If they were

found to be sufficient by the District Court upon subsequent hearings, then the creditors would all be paid interest. Although our statement of the general rule may not have been necessary to a decision in that case, it was judicial dictum which is highly persuasive and is to be given weight herein. Stark v. Watson, Okl., 359 P.2d 191. Since no Oklahoma cases are cited stating any different rule, and this rule is in accord with the overwhelming weight of authority, we hold it to be the rule of this jurisdiction. The rule is that when there are sufficient assets to pay the claims of all depositors and creditors, the depositors and creditors of a failed state bank are entitled to interest at the legal rate on their claims from the date the bank closed until they are paid.

The commissioner's second argument that such rule should not be applied herein is because the present comprehensive banking code was not in effect when the above cited cases were decided. The commissioner does not point out significant differences between the present statutes on bank liquidations, 6 O.S.1961 §§ 162–162t, enacted in 1937, and the statutes in effect prior to 1937, which were in O.S.1931, § 9168–9185. We have examined and compared these statutes and find that this argument is without merit. The commissioner does not argue that FDIC is not subrogated to all rights of the depositors to the extent FDIC has paid such depositor's claims. Of course, this subrogation is specifically provided for in our statutes. 6 O.S.1961 § 184.

The commissioner's third argument is that this general rule was stated in the above cited cases without any indication that the Court took into consideration the following statutes:

6 O.S.1961 § 162n.

"* * * At the expiration of six (6) months from the date of the first publication of notice to creditors, the Commissioner may, out of the funds remaining in his hands, after the payment of the expenses of liquidation, declare one or more dividends. Dividends shall be paid only on such claims as

have been duly filed and approved as provided herein and shall not be paid except by order of the District Court having jurisdiction of the liquidation of such insolvent bank * * *."

And 23 O.S.1961 § 6,

"Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt."

The commissioner argues that since the first statute above quoted prevents the commissioner from paying any depositor until six months after the first publication of notice to creditors, FDIC is not entitled to any interest under the exception in 23 O.S. 1961 § 6.

It is noted at this point that the former banking law provided, in O.S.1931 §§ 9175, 9177, that the commissioner could not make payment until at least eight weeks after the first publication of notice to creditors. Therefore the present banking statute and the former one are alike in principle and differ only as to the length of time involved.

This argument of the commissioner is without merit. The relation between a bank and its depositor is contractual. Brown v. Eastman National Bank of Newkirk, Okl., 291 P.2d 828, 55 A.L.R.2d 971. Therefore this is a matter where the bank has breached its obligation to pay money only. The issue of interest in this proceeding is not controlled by 23 O.S.1961 § 6, but it is controlled by and provided for in 23 O.S. 1961 § 22:

"The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon."

■■ Section 22 is a special statute applying to a specific subject matter (the detriment caused by breach of obligation to pay money only) whereas section 6 is a general statute applying to damages generally. A special statute will apply as to matters provided for therein and the general statute will not apply. Lewis v. Lewis, Okl., 380 P. 2d 697; Smith v. Southwestern Bell Telephone Co., Okl., 349 P.2d 646, 83 A.L.R.2d 454; State ex rel. White for Use and Benefit of Bd. of County Com'rs of Grady County v. Beeler, Okl., 327 P.2d 664; Koch v. Oklahoma Turnpike Authority, 208 Okl. 556, 257 P.2d 790.

In the case of Fidelity-Phenix Fire Ins. Co. of New York v. Board of Education, 201 Okl. 250, 204 P.2d 982, we distinguished between the provisions of 23 O.S.1961 § 6 and 23 O.S.1961 § 22. We held there that section 6 did not apply and that section 22 did apply. We concluded that the allowance of interest is *mandatory* where the detriment falls within the purview of section 22.

■ We therefore hold that the allowance of interest to FDIC (which was subrogated to all rights of the depositors whom it had paid) under the facts in the instant case was mandatory and the District Court was correct in entering its order and judgment directing the commissioner to allow FDIC the amount of $163,665.31 for interest.

(B) We will now consider the commissioner's argument that the demand for interest on behalf of all other creditors and depositors should not have been allowed. This argument is based on the fact that FDIC had no authorization from those other creditors and depositors to present claims on their behalf and FDIC was not the real party in interest.

■ Our holding under part (A) of this opinion applies just as much to the other creditors and depositors as it does to FDIC. That is, whenever claims are approved and where there are sufficient assets to pay all depositors and creditors, the allowance of interest is mandatory. There is no requirement made by the statutes that a separate claim must be filed for this mandatory in-

terest allowance. The claims are to be paid by the method provided for in the statute, 6 O.S.1961 § 162n, which provides in part:

" * * * Dividends shall be paid only on such claims as have been duly filed and approved as provided herein and shall not be paid except by order of the District Court having jurisdiction of the liquidation * * *."

The other creditors and depositors (besides FDIC) made their individual claims in a principal amount for each one. We have held the allowance of interest is mandatory. Therefore when these individual claims in a principal amount each were approved by both the commissioner and the District Court, they included this mandatory allowance of interest. The fact that thereafter (on March 20, 1961) the commissioner attempted to disallow interest did not place upon the creditors and depositors a new requirement of filing an additional claim for interest. It was still the mandatory duty of the District Court, which had continuing jurisdiction while the liquidation proceeding was in progress, to order the payment of the interest. It did this on August 29, 1961, while the liquidation proceedings were still open. The procedure of appeals from rejected claims was never involved here because the claims themselves were never rejected. Therefore the requirements of 6 O.S.1961 § 162l, which establishes the procedure for appealing from the commissioner's orders rejecting claims, were not applicable. Commissioner's argument that under section 162l each individual creditor and depositor (other than FDIC) should have filed a petition in District Court for claimed interest is inappropriate. Since the filing of such a petition was not required of them, the filing of a petition on their behalf by FDIC cannot prejudice them. We find no error in the District Court's order directing the commissioner to pay the creditors, other than FDIC, the amount of $23,138.19 for interest out of the funds in his hands resulting from the liquidation of the bank, payment to said creditors to be made under such reg-

ulations as the commissioner may prescribe with the District Court's approval

Affirmed.

BLACKBIRD, C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS and BERRY, JJ., concur.