BIDS — PUBLIC CONTRACTS Title 61 O.S. 113 [61-113] (1974) (H.B. 1251) applies to contracts involving construction of, improvements to, or repairs to public buildings. Title 62 O.S. 41.16 [62-41.16] (1975) (H.B. 1309) applies to contracts for all other purchases by state agencies. This is to acknowledge receipt of your letter, wherein you cite amendments to 61 O.S. 113 [61-113] (1974), and 62 O.S. 41.16 [62-41.16] (1971). The first is amended to read as follows: "Section 113. A. Within such period of time, not to exceed sixty (60) days, as shall be specified in the bid notice by the awarding public agency, a contract embodying the terms set forth in the bidding documents shall be executed by the awarding public agency." The second is amended to read as follows: "Section 41.16. Whenever departments, institutions, boards, commissions or agencies of this state enter into contracts for, or on behalf of the state for the purchase of goods, wares or merchandise, or for construction of buildings, roads, bridges or any other thing for which labor and materials must be furnished by outside vendors, such agreement shall be evidenced by written contracts or purchase orders, and must be transmitted to the Budget Director within thirty (30) days from the date of awarding of such contract or purchase order." As stated above, one statute provides for a thirty (30) day limitation and the other provides for a sixty (60) day limitation, and it appears at first blush that there is a conflict between these two statutes. You then ask, in effect, which section prevails in the event of conflict. A close look at the "Public Competitive Bidding Act of 1974" (61 O.S. 101 [61-101] — 61 O.S. 134 [61-134] (1974)) shows that it applies to construction contracts only, while the "Budget Law of 1947" (62 O.S. 41.1 [62-41.1] — 62 O.S. 41.40 [62-41.40] (1971)) applies to state contracts in more general terms. The Budget Law was passed in 1947 and amended in 1949, 1955 and 1975. The "Public Competitive Bidding Act", including Section 113, was passed in 1974 and amended in 1975. A rule of statutory construction is that, in the event of conflict between statutes, the statute that deals specifically with a subject controls over a statute that deals with the subject in general terms. See, Sebring v. Federal Deposit Insurance Corporation, 401 P.2d 479 (Okl. 1963). With regard to this particular situation, the "Public Competitive Bidding Act" is more specific in that it deals specifically with construction contracts on public projects, while the "Budget Law of 1947" deals with state contracts in more general terms. It is, therefore, the opinion of the Attorney General that your question be answered as follows; Title 61 O.S. 113 [61-113] (1974) (H.B. 1251) applies to contracts involving construction of, improvements to, or repairs to public buildings. Title 62 O.S. 41.16 [62-41.16] (1975) (H.B. 1309) applies to contracts for all other purchases by state agencies. (Todd Markum)