THOMAS J. MULGREW COMPANY, Appellee, v. NATIONAL UNION FIRE INSURANCE COMPANY, Appellant.

INSURANCE: Destruction by Windstorm—Evidence. Evidence reviewed, and held sufficient to show destruction by windstorm.

*Appeal from Dubuque District Court.*—ROBERT BONSON, Judge.

DECEMBER 19, 1919.

ACTION to recover on a cyclone, tornado, and high wind policy. Verdict and judgment for the plaintiff in the court below. Defendant appeals.—*Affirmed.*

*George T. Lyon,* for appellant.

*Frantzen & Bonson,* for appellee.

GAYNOR, J.—On the 15th day of July, 1914, the defendant insured a certain frame building, occupied as an icehouse, against loss or damage sustained by the assured, occasioned by tornadoes, cyclones, and windstorms. On the night of January 16, 1915, between the hours of 7 and 8 o'clock, this building was blown down and destroyed by wind, and plaintiff brings this action to recover under the policy. The only question presented here by the defendant on this appeal, as indicated by its brief points, is the insufficiency of the evidence to justify the jury in finding that the injury to this building was due to the action of

the elements insured against. We say this is the only question presented, because it is the only question presented at all in conformity with the rules of this court governing the presentation of cases in this court for consideration.

Under the head of "Errors Relied on for Reversal," we find the following:

(1) The court erred in overruling defendant's motion for a directed verdict.

(2) The court erred in overruling defendant's motion for a new trial.

The errors complained of are presented in the brief points, and these brief points present only the question of the sufficiency of the evidence to justify the action of the court in overruling defendant's motion for a directed verdict, and in refusing to grant the defendant a new trial.

This brings us back to the real point: Was the evidence, giving to it its most favorable construction, sufficient to justify a jury in saying that the destruction of this building—for it was destroyed—was due to the action of a tornado, cyclone, or windstorm?

The court instructed the jury, in substance,—and its instructions are not challenged here, though challenged in the court below:

"There is no testimony that the wind that destroyed this building was a tornado or a cyclone. The allegations of the petition are that it was destroyed by a windstorm. A windstorm, in contemplation of law, is a storm characterized by high winds, with little or no precipitation, and it takes its meaning, measurably at least, from the other words with which it is associated, to wit, tornado and cyclone. An ordinary gust of wind, no matter how prolonged, is not a windstorm. In order to constitute a windstorm, the wind must be of such violence and velocity as to assume the aspect of a storm: that is, an outburst of tumultuous force. A windstorm means a storm of wind,

of force and violence. The burden of proof is upon the plaintiff to show that the icehouse in question was destroyed by a windstorm, and if it has failed to prove this by a preponderance of evidence, you should return your verdict for the defendant."

These instructions not being challenged here, we go directly to the evidence, to ascertain whether or not it brings the case within the definition given by the court.

It would not be profitable to set out this testimony. There is much that might lead us to believe that the falling of this building was not due to a windstorm, such as defined by the court; yet there is evidence that there was a high wind. A watchman, who was in charge of the building and present at the time it was blown down, testified:

"Well, it was no ordinary wind. I have been down there for six years, and I tell you it was as near a cyclone as anything I have seen. I have seen two cyclones. It was a terribly strong wind, and it lasted an hour, to the best of my judgment. It came in kind of blasts and gusts."

He further testified that part of the material of which the icehouse was constructed was carried 60 feet away, and thrown against a barn there located.

Another witness testified:

"There were boards from the icehouse strewn around the ground, blown around and scattered in different directions. They were blown against the barn, 40 or 50 feet away, and piled up against the barn. The force of the boards against the barn was sufficient to mar the paint upon the barn, and left marks upon the barn. There was little of the building remaining, after the storm. The lumber was practically no good. It was broken, and would make good kindling wood."

We think this sufficient to carry the case to the jury, and we think it was sufficient to support the verdict of the

jury. We cannot interfere. The judgment is, therefore,
—*Affirmed.*

LADD, C. J., WEAVER and STEVENS, JJ., concur.