## HARTFORD FIRE INSURANCE CO. v. BERNARD.

No.14384—Opinion Filed Dec. 11, 1923.

Rehearing Denied Jan. 15, 1924.

Second Rehearing Denied March 4, 1924.

Third Rehearing Denied April 29, 1924.

1. Insurance—Recovery on Automobile Fire and Theft Policy—Interest.

In an action upon a fire insurance policy for unliquidated damages, if the damages are capable of ascertainment by computation, by reason of the property destroyed by fire having a well-established market value, the jury may return its verdict for interest on the amount of plaintiff's recovery dating from the time which the defendant ought to have satisfied the claim.

2. Appeal and Error—Review—Sufficiency of Evidence.

If there is any testimony that reasonably tends to support the verdict of the jury, the judgment of the court will not be reversed on appeal.

3. Same—Affirmance.

Record examined; held to support the verdict.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Rogers County; W. B. Williams, Special Judge.

Action by K. D. Bernard against the Hartford Fire Insurance Company on fire and theft automobile insurance policy. Judgment for the plaintiff. Defendant brings error. Affirmed.

Rittenhouse & Rittenhouse and Jennings, Hall & Battenfield, for plaintiff in error.

Robson & Bayless, for defendant in error.

Opinion by STEPHENSON, C. The defendant issued its fire and theft policy on a Marmon car for plaintiff about July 9, 1921. The car was alleged to have been stolen from the premises of the plaintiff about February 8, 1922, and found near a small town in the county the following day totally destroyed by fire. The defendant refused to pay the loss and plaintiff commenced his action for recovery under the terms of the policy. The plaintiff alleged that the defendant denied liability within the 60-day period of time following the loss, and during which period of time the plaintiff was allowed to make detailed proof of loss. In the trial of the cause the plaintiff proved the giving of notice the following day or so after the loss and offered in evidence a detailed proof of loss made to the company about the 14th day of March. The insurance company did not deny receiving the proof of loss as made by the insured. The plaintiff offered proof showing that the car was of the value of about $3,200 or $3,500. In the trial of the cause judgment went for the plaintiff in the sum of $2,400, with interest thereon at the rate of six per cent. per annum. The defendant has appealed the cause to this court and seeks reversal upon several errors assigned. The trial court held that the proof of loss as furnished by the plaintiff about the 14th day of March was sufficient, and so instructed the jury. An examination of the instrument shows that it was sufficient. The defendant complains that the court committed error in instructing the jury that the plaintiff would be entitled to recover interest on any amount it might find due the plaintiff, if any, from the 20th day of May, 1922. The rule is that interest may be allowed on the amount found to be due the plaintiff by the verdict of the jury in an action for unliquidated damages, or if the damages plaintiff is entitled to recover are certain or capable of being made so by calculation.

The action in this case was upon a written contract which provided the amount plaintiff was entitled to recover in the event of the loss of the property, based upon the market value of the property insured. The property insured had a well-established market value in the community in which the loss occurred, and even though the action is for unliquidated damages, the amount of plaintiff's recovery could be ascertained by calculation, based on the reasonable market value of the property insured, in connection with the terms of the policy. Severns v. English, 63 Okla. 84, 163 Pac. 526; Cox v. McLaughlin (Cal.) 18 Pac. 100; Randall et al. v. American Fire Insurance Co. (Mont.) 25 Pac. 953; Bernhard v. Rochester German Insurance Co. 79 Conn. 388, 8 Am. and Eng. Ann. Cas. 298; Palatine Insurance Co. v. O'Brien, 107 Md. 341, 68 Atl. 484, 16 L. R. A. (N. S.) 1055; Hardy v. Lancashire Insurance Co., 166 Mass. 210, 44 N. E. 209, 55 A. S. R. 395, 33 L. R. A. 241. The issues of fact were fairly submitted to the jury.

In this case there is sufficient competent testimony to support the verdict of the jury. Therefore it is recommended that this cause be affirmed.

By the Court: It is so ordered.