**Karen HORN, Plaintiff,**

**v.**

**STATE FARM FIRE AND CASUALTY COMPANY, a corporation, Defendant.**

**No. 76–136–C.**

United States District Court, E. D. Oklahoma.

Aug. 8, 1977.

Scoufos & Montgomery, Sallisaw, Okl., for plaintiff.

Don Manners, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

This action was brought for recovery on a fire insurance policy. The action was tried to a jury and, on April 13, 1977, the jury rendered its verdict in favor of Plaintiff in the amount of $6,500.00. Pursuant to stipulation and agreement of parties prior to the trial, the amount of an insurance payment previously made by Defendant to Plaintiff's

mortgagee in regard to the property involved was deducted from the aforementioned amount and, on April 14, 1977, a judgment for $3,755.79 was entered in favor of Plaintiff.

Plaintiff has now filed a Motion to Settle Judgment. Said Motion is supported by a Brief and Defendant has filed a Brief in Opposition to the Motion. Plaintiff has filed a letter in response to Defendant's Brief.

In her Motion, Plaintiff moves the Court to settle the judgment heretofore entered in this case so as to let the judgment reflect the interest that Plaintiff alleges she is entitled to receive pursuant to 23 Okla.Stat. 1971 § 22. Plaintiff maintains that said statute provides that interest on the principal amount due under the policy herein is recoverable from the time the policy became due and payable under its terms and that in this case, Plaintiff's loss was payable under the policy terms on or before January 31, 1976. More specifically, Plaintiff contends that she is entitled to recover interest on the principal amount due under the policy from January 31, 1976 until the present.

Defendant acknowledges that 23 Okla. Stat. 1971 § 22 is applicable to this case but maintains that under the terms of the policy, Plaintiff's loss only became payable as of the entry of the judgment herein, i. e., on April 14, 1977.

23 Okla.Stat. 1971 § 22 provides:

*"Breach of obligation to pay money*

The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon. R.L.1910, § 2853."

Under 23 Okla.Stat. § 22, interest on the principal amount due on an insurance policy is recoverable from the time the policy becomes due and payable under its terms. *Buffalo Insurance Co. v. Amyx,* 262 F.2d 898 (Tenth Cir. 1958); *American Eagle Fire Ins. Co. v. Burdine,* 200 F.2d 26 (Tenth Cir. 1952); *Poteete v. MFA Mutual Insurance Co.,* 527 P.2d 18 (Okla.1974); *Phoenix Ins. Co., Hartford, Conn. v. Diffie,* 270 P.2d 634 (Okla.1954).

As noted in *Furrow v. Commissioner,* 292 F.2d 604 (Tenth Cir. 1961):

"The word 'due' may mean that the debt or obligation to which it is applied has become immediately payable, or it may mean that the debt has become ascertained and fixed, although payable in the future. [footnote omitted] Here, the word 'due' is coupled with the phrase 'and payable.' 'The word payable, when used in connection with commercial transactions, means that which is to be paid rather than that which may be paid.' [footnote omitted] We think there can be no doubt, unless the context clearly indicates a contrary meaning, that the phrase 'due and payable' on a specified date means the debt or obligation to which it is applicable is then immediately payable."

The Oklahoma Supreme Court has indicated that the use of the word "payable" in its ordinary sense excludes the notion of fulfillment. It is limited to that which has become payable, or due or owing. *In re Coleman's Estate,* 179 Okl. 251, 65 P.2d 467 (1936).

The Oklahoma Supreme Court also noted in *Fidelity-Phenix Fire Insurance Co. v. Board of Education of Rosedale,* 201 Okl. 250, 204 P.2d 982 (1948):

"Interest as such as only recoverable under terms of a contract. Where, by the terms of contract, no provision is made for the payment of interest after maturity of the obligation, an award of interest for the detention of payment is made by the way of damages. And it is a rule of general recognition by the courts and obtains in this jurisdiction that where there is a contract to pay money on a day certain, or on a day not set but ascertainable from the terms of the contract, interest will be allowed from such date . . . The application of this rule in actions on insurance policies is stated in 46 C.J.S. Insurance § 1391, page 692, as follows:

'In accordance with general rules governing the recovery of interest as damages in actions for breach of contract, as discussed in Damages §§ 51, 52, where the amount to which plaintiff is entitled under an insurance contract is wrongfully withheld by the insurer after payment is due, interest on such amount may be allowed as damages in an action on the policy, sometimes by virtue of statute expressly providing for the payment of interest. * * *

'In accordance with the general rule, sometimes by reason of statute, unless the policy provides otherwise, interest on the amount to which plaintiff is entitled should be allowed from the time when, under the terms of the policy, it was due and payable but not before.' "

The pertinent portions of the insurance policy involved in the instant case provide in part:

"*When loss payable.*

The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided."

and

"*Appraisal.*

In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for fifteen days to agree upon such umpire, then, on request of the insured or this Company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash and value to each item; and,

failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expense of appraisal and umpire shall be paid by the parties equally."

Defendant's contention is that the provision entitled "When loss payable" provides that Plaintiff's loss became payable under the terms of the policy sixty days after proof of loss was filed with Defendant and the amount of the loss was ascertained by either an agreement between the parties or by the filing of an "award" with Defendant. Defendant argues that though Plaintiff filed a proof of loss with Defendant, that there was neither an agreement between the parties as to the amount of Plaintiff's loss nor a filing of an award with Defendant as provided in the appraisal provision of the policy, and that the loss thus became due and payable only when the judgment in this case was filed.

In her letter in response to Defendant's Brief in Opposition to the instant Motion, Plaintiff states that there was no award filed with the Defendant for the reason that neither side attempted to arbitrate their damages. She contends that the award provision relied on by Defendant is inapplicable to the issue now before the Court.

Upon consideration of the Motion to Settle Judgment, and the Briefs and letter filed in connection thereto, the Court concludes that, for the following reasons, Plaintiff is entitled to recover interest on her judgment in this case but that the interest is to be computed only as of April 14, 1977, the date judgment for Plaintiff was entered in this case.

The Court cannot change the terms of an unambiguous contract. It may simply interpret the contract. *Williams Petroleum Co. v. Midland Cooperatives, Inc.*, 539 F.2d 694 (Tenth Cir. 1976); *James Talcott, Inc. v. Finley*, 389 P.2d 988 (Okla.1964). As noted in 43 Am.Jur.2d *Insurance* § 279 (1969):

**66**

"[S]ince the parties to an insurance contract may make the contract in any legal form they desire, insurance companies have, in the absence of statutory provisions to the contrary, the same right as individuals to limit their liability and to impose whatever conditions they please upon their obligations, not inconsistent with public policy."

■ The "When loss payable" provision of Plaintiff's insurance policy involved herein indicates when the loss covered by the policy shall be payable. This provision establishes that the loss shall be payable sixty days after proof is received by Defendant *and* ascertainment of the loss is made either by agreement between the parties or "by the filing with [Defendant] of an award as herein provided." The "Appraisal" provision of the policy prescribes the manner in which an "award" is to be filed with the Defendant. These policy provisions are clearly set out and printed in the same size type as the rest of the policy and the Court finds that the same are not ambiguous. The terms of the policy establish that Plaintiff's loss was to become payable when both the proof of loss was filed *and* an ascertainment of the loss was made. In this case, the proof of loss was filed with Defendant but there was never an ascertainment of the loss made, either by agreement of the parties or by the filing of an award, until the entry of judgment in Plaintiff's favor on April 14, 1977.

■ 23 Okla.Stat. § 22, which provides that "[t]he detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon," is applicable only when all the events necessary to bring about the obligation have occurred and the only obligation that remains is payment. *Bloch v. Sun Oil Corp.*, 335 F.Supp. 190 (W.D.Okla.1971). In the instant case, as all of the events necessary to bring about Defendant's obligation to pay Plaintiff's loss under the terms of the policy involved herein did not occur prior to entry of judgment herein, Plaintiff is not entitled to recover interest for any time prior to the entry of judgment.

Accordingly, the Court sustains Plaintiff's Motion to Settle Judgment to the extent that Plaintiff is entitled to recover interest on her judgment herein with the interest to be computed as of April 14, 1977, the date of the entry of Plaintiff's judgment. Pursuant to 12 Okla.Stat. 1971 § 727, Plaintiff's judgment shall bear interest at the rate of 10% per annum, from the date of rendition of the judgment.