Roberta EDWARDS, Appellee,

v.

Richard WALDEN, Appellant.

No. 51897.

Supreme Court of Oklahoma.

May 22, 1979.

---

William R. Burkett, Linn, Helms, Kirk & Burkett, Oklahoma City, for appellee.

Jack S. Dawson, Oklahoma City, for appellant.

WILLIAMS, Justice.

This appeal arises from a dispute over the award by the trial court of attorney fees ($11,000) to appellee Edwards. We reverse.

Prior to October 12, 1976, Roberta Edwards and Richard Walden were parties to four lawsuits pending in the District Court of Oklahoma and Texas Counties, Oklahoma and of Chaffee County, Colorado. In each of these actions, Roberta Edwards was plaintiff and Richard Walden was defendant. On October 12, 1976 these parties entered into a written settlement agreement.

The agreement provided in part for Walden to convey certain real estate located in Chaffee County, Colorado to Edwards. It further provided that "[i]n the event the fair market value of the property . . . is less than One Hundred Fifty Thousand Dollars ($150,000.00), Walden shall . . pay to Edwards by cashier's check or bank money order, the difference in dollar amount between $150,000.00 and the fair market value of the property." The value of the property was to be determined by three appraisers, with each party selecting one and those two selecting the third.[1] The agreement made no provision for either party to pay for the attorney fees of the other.

Appellant's performance was slower than appellee expected so she filed this lawsuit. Her first cause of action was for fraudulent inducement and she prayed for rescission, and her second cause of action alleged irreparable harm and prayed for specific performance. The trial court entered judgment for $32,080.97 [2] to appellee as a matter of law after determining that there was no substantial controversy as to any material fact. In a subsequent hearing, the trial court awarded appellee attorney fees equivalent to one third of the judgment.

Appellant urges here that the trial court erred in awarding appellee attorney fees pursuant to 12 O.S.1971, § 936. He contends that the action below was for specific performance of an executory accord and not for recovery on an account stated.

At common law each party was responsible for his own attorney fees and they were not assessed as part of the judgment for the prevailing party. Oklahoma by statute has made certain limited exceptions to that rule. Section 936 of Title 12 O.S.1971 is one such exception, and it provides as follows:

---

1. The agreement also provided for the exchange of certain items of personal property not in dispute here.

2. This amount was the difference between the appraised value of the Colorado property and $150,000.00.

In any civil action to recover on an open account, a statement of account, *account stated*, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs. (Emphasis added).

The issue for us to determine is whether appellee is entitled to recovery of a reasonable attorney fee pursuant to section 936, *supra.* We conclude that she is not.

Appellee prevailed below on her second cause of action wherein she prayed for specific performance of the contract. The trial court found that there was no substantial controversy as to any material fact and awarded her judgment as a matter of law. Appellee then was a prevailing party upon a cause of action founded in contract.

Appellee contends that the settlement agreement constituted an "account stated" and therefore she should be entitled to a reasonable attorney fee for its collection. However, a suit grounded upon an account stated is enforceable as a separate and distinct cause of action. (*Williams v. Casparis Bros.*, 113 Okl. 51, 238 P. 438 (1925)). Although there may be factual situations wherein the specific performance of a contract and the enforceability of an account stated might lead to alternative remedies, they are not as a matter of law equivalent. Here the pleadings as framed by appellee did not pray for relief upon the ground of an account stated. Rather, upon appellee's motion, the trial court awarded her judgment based upon her prayer for specific performance of the contract. To allow appellee attorney fees under a theory of account stated would be exceeding the limits of the pleadings and judgment based

thereon, and would thereby be erroneous. In *Herbert v. Wagg et al.*, 27 Okl. 674, 117 P. 209 (1910) this Court held in its syllabus at page 210:

4. A party bringing an action is required to frame his pleading in accord with some definite, certain theory, and the relief to which he claims to be entitled must be in accord therewith; on appeal he is bound by the position and theory assumed, and on which the case was heard in the trial court.[3]

5. Where the law gives several means of redress or kinds of relief, predicated on conflicting theories, an election of one, with knowledge, operates as a bar to the subsequent change to, or adoption of, any other.[4]

Section 936 provides for a reasonable attorney fee for certain contract actions, i. e., " . . . contract relating to the purchase or sale of goods, wares or merchandise, or for labor or services . . . ." We can only conclude that the settlement agreement, which was the subject of the prevailing cause of action, fails to qualify as one of these specifically enumerated contracts on which to base an award of attorney fees under section 936. Therefore, we hold that the appellee's prevailing cause of action was not one falling within Section 936, supra, and that it was error to award her attorney fees.

Since we have decided that appellee was not entitled to a reasonable attorney fee under Section 936, supra, then appellant's second proposition of error, urging that said award was excessive, has become moot.

Reversed and Remanded.

LAVENDER, C. J., and BARNES, SIMMS, HARGRAVE and OPALA, JJ., concur.

IRWIN, V. C. J., concurs in result.

HODGES and DOOLIN, JJ., dissent.

---

3. Followed in *Shawnee Nat. Bank v. Pool*, 66 Okl. 145, 167 P. 994, 995 (1916), *Harrison v. Murphey*, 39 Okl. 548, 135 P. 1137, 1141 (1913), *Duffey v. Scientific American Compiling Department*, 30 Okl. 742, 120 P. 1088, 1089 (Okl. 1912), and cited in numerous others.

4. Followed in *Invader Oil Corporation v. Commerce Trust Co.*, 111 Okl. 85, 238 P. 441, 442 (1925) and cited in numerous others.