2003 OK 109

**STATE of Oklahoma, ex rel. STATE INSURANCE FUND, now known as Compsource Oklahoma, Plaintiff/Appellant,**

v.

**ACCORD HUMAN RESOURCES, INC., Carl Edwards, Dale Hageman, and Ford C. Price, Jr., Defendants/Appellees.**

**No. 98,621.**

Supreme Court of Oklahoma.

Dec. 16, 2003.

As Corrected Jan. 6 and Jan. 12, 2004.

of

W. Rogers Abbott, II, Abbott & Associates, Oklahoma City, OK, for Plaintiff/Appellant.

Joseph Walters, McAfee & Taft, Oklahoma City, OK, for Defendant/Appellee.

SUMMERS, J.

¶1 This controversy presents two questions. The first, whether the State Insurance Fund[1] (Fund) is entitled to an attor-

1. The State Insurance Fund is now known as CompSource Oklahoma. *Nicholas v. Morgan,* 2002 OK 88, n. 1, 58 P.3d 775, 777. See 85

O.S.2001 § 131(e): "(e) The official name of the fund which is known as "The State Insurance Fund" shall be designated in all future references

ney's fee, must be answered in the negative due to our recent opinion in *State of Oklahoma, ex rel. State Insurance Fund v. Great Plains Center, Inc.*, 2003 OK 79, 78 P.3d 83. The second is whether the Fund is entitled to prejudgment interest. We conclude that it is so entitled, and also affirm the trial court's ruling on that issue.

¶2 The controversy involves an action brought by the State Insurance Fund (Fund) against Defendants (Accord Human Resources, Inc.) to recover unpaid workers' compensation premiums. A continuing audit and/or negotiations resulted in the parties agreeing that Accord owed the Fund a net amount of $43,757.60, an amount considerably less than that originally demanded by the Fund. The parties reached their agreement on January 24, 2002, but payment was not tendered until May 13, 2002. The Fund refused to accept the payment because it did not include attorney's fees, interest, and court costs.

¶3 The Fund sought summary judgment on the agreed amount of $43,757.60, plus additional amounts for attorney's fees, interest, and costs. The Fund argued that the action was on an open account and that attorney's fees were proper. The Fund also sought prejudgment interest at a rate of six percent commencing on October 19, 1994. The Fund claimed as the prevailing party it was entitled to costs.

¶4 Accord sought summary judgment. Accord denied that the action was suit on an open account, and argued that the amount it agreed to pay was the result of negotiation and compromise, and that the Fund was not a prevailing party for the purpose of interest and costs.

¶5 The District Court granted judgment against Accord in the amount agreed by the parties, $43,757.60. The Court rejected the Fund's argument that the action was an open account, and denied the motion for attorney's fees. The Court granted the Fund's motion for prejudgment interest, but limited it to commencing on January 24, 2002 and ending

on May 13, 2002 for a total amount of $783.71. Costs against Accord was granted in the amount of $187.00.

¶6 The Fund appealed and the Court of Civil Appeals affirmed the District Court. The appellate court concluded that the action was on an account stated, but that an attorney's fee was not proper because the account stated did not involve goods or services. No party urged in the trial court, or on appeal, that the underlying obligation is an account stated. The Fund argues on certiorari that *if* the underlying obligation is an account stated as determined by the Court of Civil Appeals, or an open account as the Fund argued, then it is entitled to attorney's fees pursuant to 12 O.S. § 936. The Fund also argues on certiorari that it was entitled to interest commencing on a date different from that used by the trial court and appellate court.

## I. The Attorney's Fees Question

¶7 The Fund's action was brought to recover an amount for unpaid workers' compensation insurance premiums. In *State of Oklahoma, ex rel. State Insurance Fund v. Great Plains Center, Inc.*, 2003 OK 79, 78 P.3d 83, we said that an action for unpaid insurance premiums was not an action on either an account stated or an open account. We said that: "We decline to adopt the concept that contractual obligations on an insurance policy are merged into, and superceded by, a subsequent statement of an amount due sent by one party to another based upon obligations becoming due under provisions of an insurance policy, and thus creating an 'account' to render or state." *Id.* at ¶15, 78 P.3d at 89. The action for unpaid insurance premiums is not an account stated.

¶8 The appellate court concluded that the negotiations and subsequent agreement of the parties changed the nature of the obligation into an account stated. The phrase "account stated" refers to a type of contract where an agreement on a balance

as 'CompSource Oklahoma'. Any references in the Oklahoma Statutes to The State Insurance Fund shall be deemed references to CompSource Oklahoma." The action was commenced in the

District Court prior to the change in the name, and we refer to the Fund based upon the name used in this litigation.

owed becomes a new and independent obligation that supercedes and merges the prior contractual obligation. *Great Plains,* 2003 OK 79, ¶ 11, 78 P.3d at 88, *quoting, Webster Drilling Co. v. Sterling Oil of Oklahoma, Inc.* 1962 OK 242, 376 P.2d 236, 238.

¶ 9 In *Edwards v. Walden,* 595 P.2d 445, 1979 OK 74, a party sought to enforce a settlement agreement, and requested attorney's fees pursuant to § 936 claiming that the settlement agreement was an account stated. *Id.* 595 P.2d at 447. We noted that the action had been brought to enforce a contract and not on an account stated, and we concluded that § 936 attorney's fees were not proper.

¶ 10 The Fund argued on summary judgment that Defendants agreed to the amount due. However, this mid-litigation allegation of an agreement does not turn the Fund's action into one on an account stated. First, the Fund did not allege an account stated. Secondly, the Fund sought to enforce a contractual obligation that arose prior to the January 24th agreement.[2] The action in the trial court was on an insurance contract, and attorney's fees pursuant to § 936 were not proper. We thus affirm the trial court's attorney fee ruling. *Great Plains, supra.*

## II. The Pre-judgment Interest Question

 ¶ 11 Recovery of interest on a judgment must be based upon a statute. *Withrow v. Red Eagle Oil Co.,* 1988 OK 16, ¶ 10, 755 P.2d 622, 625. In the trial court the Fund claimed a right to interest on the indebtedness pursuant to 23 O.S. § 6. The Fund claimed that the amount of interest was based on 15 O.S. § 266:

The legal rate of interest shall be six percent (6%) in the absence of any contract as to the rate of interest, and by contract the parties may agree to any rate as may be

authorized by law, now in effect or hereinafter enacted.

15 O.S.1991 § 266.

 We agree that the Fund is entitled to interest, but disagree on the applicable statute. The applicable statute is 23 O.S. § 22 and not 23 O.S. § 6.

¶ 12 In *Fidelity–Phenix Fire Ins. Co. v. Board of Education,* 1948 OK 223, 204 P.2d 982 the plaintiff brought an action against an insurance company for loss sustained by reason of damage to a building from a storm. *Id.* 204 P.2d at 984. The judgment on the verdict included prejudgment interest commencing on the date that payment was due under the provisions of the policy. *Id.* 204 P.2d at 985. The insurance company asserted that 23 O.S. § 6 was the applicable statute, and its application precluded an award of interest. We disagreed.[3]

¶ 13 We first stated the issue thusly:
Involved in the consideration of the question is a determination of whether section 6 or section 22, of Tit. 23 O.S.1941, is applicable. The sections are as follows:

"Sec. 6. Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt."

"Sec. 22. The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon."

*Id.* 204 P.2d at 985–986.

We said that § 22 and not § 6 applied: "Hence, under our construction of the insurance contract the issue as to interest does not fall within the purview of section 6 but

---

2. We decline to address the hypothetical issue of recovery of interest involving accounts stated. *But see, e.g., Webster Drilling Co. v. Sterling Oil of Okl., Inc.,* 1962 OK 242, 376 P.2d 236, 238, (in an action on account stated the Court's analysis distinguished enforcing an agreement to pay that included interest and a recovery of interest as

damages for breach of an obligation to pay money).

3. Both sections 6 and 22 of Title 23 have remained unchanged since our opinion in *Fidelity–Phenix Fire Ins. Co. v. Board of Education.* See 23 O.S.2001 §§ 6, 22.

does fall within that of Section 22, even if certainty in the amount owing is required thereby." *Id.* 204 P.2d at 988.

¶ 14 In *Fidelity–Phenix* the insurance company relied upon *American Eagle Fire Ins. Co. v. Lively,* 1930 OK 155, 286 P. 797, which applied *St. Paul Fire & Marine Ins. Co. v. Robison,* 1919 OK 133, 180 P. 702. *Fidelity–Phenix Fire Ins. Co.,* 204 P.2d at 986, 987. In *Fidelity–Phenix* we noted the "lack of clarity in the earlier decisions" discussing the issue. *Id.* 204 P.2d at 987. Our holding in *Fidelity–Phenix* was thus stated in clear terms so that the earlier opinions would not control the issue:

> We hold that section 22, supra, is applicable and controlling and that by reason thereof plaintiffs were entitled as a matter of right to interest on the judgment from the time loss was payable under the terms of the policy.
>
> We further hold that section 6, supra, is not applicable to the question of recovery of interest in such actions as here involved, and that *American Eagle Fire Ins. Co. v. Lively,* supra, and *Hartford Fire Ins. Co. v. Bernard* [1923 OK 1117, 99 Okla. 44, 221 P. 1011], supra, in so far as they hold that the allowance of interest on the amount adjudged owing under insurance policy is controlled by Tit. 23 O.S.1941 § 6, are overruled.

*Fidelity–Phenix,* 204 P.2d at 988–989.

¶ 15 We followed *Fidelity–Phenix,* in *Sebring v. Federal Deposit Ins. Corp.,* 1963 OK 297, 401 P.2d 479, where we again discussed a difference between § 6 and § 22, and explained that the latter applies to a breach of an obligation to pay money and that allowance is mandatory pursuant to that section.

> This argument of the commissioner is without merit. The relation between a bank and its depositor is contractual. *Brown v. Eastman National Bank of Newkirk, Okl.,* 291 P.2d 828, 55 A.L.R.2d 971. Therefore this is a matter where the bank has breached its obligation to pay money only. The issue of interest in this proceeding is not controlled by 23 O.S.1961 § 6, but it is controlled by and provided for in 23 O.S.1961 § 22:

> 'The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon.'

> Section 22 is a special statute applying to a specific subject matter (the detriment caused by breach of obligation to pay money only) whereas section 6 is a general statute applying to damages generally. A special statute will apply as to matters provided for therein and the general statute will not apply. *Lewis v. Lewis, Okl.,* 380 P.2d 697; *Smith v. Southwestern Bell Telephone Co., Okl.,* 349 P.2d 646, 83 A.L.R.2d 454; *State ex rel. White for Use and Benefit of Bd. of County Com'rs of Grady County v. Beeler, Okl.,* 327 P.2d 664; *Koch v. Oklahoma Turnpike Authority,* 208 Okl. 556, 257 P.2d 790.

> In the case of *Fidelity–Phenix Fire Ins. Co. of New York v. Board of Education,* 201 Okl. 250, 204 P.2d 982, we distinguished between the provisions of 23 O.S. 1961 § 6 and 23 O.S.1961 § 22. We held there that section 6 did not apply and that section 22 did apply. We concluded that the allowance of interest is mandatory where the detriment falls within the purview of section 22.

*Sebring v. Federal Deposit Ins. Corp.,* 401 P.2d at 483.

¶ 16 We followed *Fidelity–Phenix,* in *Poteete v. MFA Mut. Ins. Co.,* 1974 OK 110, 527 P.2d 18, where we said:

> MFA also argues that the trial court erred in failing to submit the issue of interest to the jury and by increasing the damage award returned by the jury by adding interest.

> It is provided by 23 O.S.1971 § 22 that:

> 'The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon.'

> This statute was interpreted by this court in *Fidelity–Phenix Fire Ins. Co. v. Board of Education,* 201 Okl. 250, 204 P.2d 982 (1949). This case involved an analogous situation to the case before us. In the Fidelity–Phenix case, the issue of re-

covery on a policy where damage was caused by windstorm was tried to the jury, and resulted in a plaintiff's verdict of $2700.00. The court awarded judgment to the plaintiffs for that amount with interest for a period of time antedating the verdict. The court at page 983 held that:

'Under Tit. 23 O.S.1941 § 22 interest on the principal amount due on an insurance policy is recoverable from the time the policy becomes due and payable under its terms.'

The court further stated at page 988:

'If the obligation under the insurance contract is one to pay money and default in payment justifies the allowance of interest under such rule, it is manifest same not only falls within the purview of said section 22, supra, but that the allowance of interest becomes mandatory by force of the statute.'

*Poteete v. MFA Mut. Ins. Co.*, 527 P.2d at 22.

■ ¶ 17 Prejudgment interest commences on the date that payment was due under the provisions of the policy. *Fidelity–Phenix Fire Ins. Co.*, 204 P.2d at 985. *See Phoenix Ins. Co., Hartford, Conn. v. Diffie*, 1954 OK 146, 270 P.2d 634, 640, (pursuant to 23 O.S.1941 § 22 and *Fidelity–Phenix Fire Ins. Co., supra*, interest on the principal amount due on an insurance policy is recoverable from the time the policy becomes due and payable under its terms).

■ ¶ 18 The rights and obligations created by an insurance agreement are contractual in nature. *State of Oklahoma, ex rel. State Insurance Fund v. Great Plains Center, Inc.*, 2003 OK 79, ¶¶ 8–10, 78 P.3d 83; *Silver v. Slusher*, 1988 OK 53, 770 P.2d 878,

883. Thus, § 22, and not § 6, of Title 23 applies to an obligation to pay money fixed by a contract of insurance. *Fidelity–Phenix Fire Ins. Co., supra, Nunn v. Stewart*, 1988 OK 51, 756 P.2d 6. Application of these opinions requires us to determine the date the obligation to pay the premium was fixed, or more specifically, the date payment was due under the provisions of the policy.

¶ 19 In our case today the obligation to pay an insurance premium was created by a contract of insurance. The date that obligation was to be performed was specified by the statutes then in effect, 85 O.S.1991 §§ 142, 148. Section 148 provided for premium payments semiannually or at such times as may be prescribed by general rule or regulation.[4] Section 142 provided for adjusting premiums, as in the case before us today.

Premiums for any policy period shall be paid into the State Insurance Fund at the beginning of the period according to the estimated expenditure of wages for the period. At the end of the period an adjustment of the premium shall be made according to the actual expenditure of wages. If such adjusted premium is more than the premium paid at the beginning of the period, the employer shall pay the difference immediately upon notification of the amount of the true premium paid in advance, the employer shall at his option receive either refund of the difference or a credit of the amount thereof on his account with "The State Insurance Fund."

85 O.S.1991 § 142.

This statute provides for payment of an adjusted premium upon notification from the State Insurance Fund.[5]

---

4. 85 O.S.1991 § 148:

Every person, firm or corporation insuring in "The State Insurance Fund" shall receive from the State Insurance Fund a contract or policy of insurance to be approved by the State Insurance Board.

Except as otherwise provided in this act all premiums shall be paid by every person, firm, or corporation who elects to insure with "The State Insurance Fund" to the Commissioner semiannually, or at such times as may be prescribed by general rule or regulation applicable to all insurers alike by the Commissioner. Receipts shall be given for such payment and the money shall be

paid over to the credit of the State Insurance Fund.

5. We note that the current statute has similar language. 85 O.S.Supp.2002 § 142:

Premiums for any policy period shall be paid into CompSource Oklahoma and adjusted according to the contract of insurance. If such adjusted premium is more than the premium paid at the beginning of the period, the employer shall pay the difference immediately upon notification of the amount of premium due. If such adjusted premium is less than the premium paid at the beginning of the period, the employer shall at the employer's option receive either refund of

¶ 20 The Fund's motion for summary judgment states that it audited Accord's records in 1995 and again in 1999. The Fund filed its action in 1999 seeking $138,789.60 from Accord. Accord disputed the amount owed, and the Fund's auditor continued to meet with Accord. The Fund states that the parties met on January 24, 2002, and agreed that Accord owed $43,757.60.

¶ 21 Defendants responded to the motion for summary judgment and stated that the parties had agreed that $43,757.60 was owed by Defendants. Defendants pointed to a revised final audit summary sent to them by the Fund in July 2001. But in September 2001 the Fund and Defendants were still discussing certain items that the Fund agreed should not be included for calculation of the premium for a final audit summary.

¶ 22 The Fund replied and noted that Defendants asserted that the audit was not complete until January 24, 2002. The Fund stated that the completion date of the audit did not matter for calculating interest, and argued that interest accrued commencing on the date it could first file suit to collect an unpaid premium on the contract of insurance, and that this date was, as a matter of law, the date the policy period expired.

¶ 23 Title 85 § 142 requires an insured to pay the adjusted premium upon notification by the Fund that an amount is due. In other words, the contractual obligation to pay the adjusted premium did not arise until Defendants were given notification of the amount owed, and interest did not commence until that date. The Fund notified the Defendants that an amount was allegedly due, but the Fund continued to audit the Defendants' records to determine the correct amount due. Attached as an exhibit to the Fund's motion for summary judgment is a document titled "Final Audit Summary Date of Billing: 02/20/02," but the earlier date of January 24, 2002 shows that Defendants received notice, by at least that date, of the final audited amount sought by the Fund. Filing and service of the petition in 1999 provided notice to Defendants that the Fund sought an unpaid

the difference or a credit of the amount thereof on the employer's account with CompSource premium. But again, the summary judgment materials show that the Fund during this period of time was continuing to audit and/or negotiate with Defendants on the amount owed.

¶ 24 The trial court determined that interest commenced on January 24, 2002 and stopped on May 13, 2002, when payment was tendered, and we agree. On certiorari the parties do not discuss the legal consequences of a debtor's tendering payment to a creditor, and we need not address the issue. The trial court did not state upon what statutes it was awarding interest. We conclude that it properly awarded interest pursuant to 23 O.S.1991 § 22 and 15 O.S.1991 § 266. The opinion of the Court of Civil Appeals is vacated, and the judgment of the District Court is affirmed.

¶ 25 ALL JUSTICES CONCUR.