**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MUSKET CORPORATION,

     Plaintiff Counter Defendant -
Appellee,

v.

STAR FUEL OF OKLAHOMA, LLC;
LINCOLN O. CLIFTON; DAVID A.
SELPH,

     Defendant Counterclaimants -
Appellants,

and

MARK LUITWIELER,

     Defendant.

No. 16-6086
(D.C. No. 5:11-CV-00444-M)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **McKAY** and **HARTZ**, Circuit Judges.
_____

This is an appeal by Star Fuel of Oklahoma, LLC, Lincoln O. Clifton, and

David A. Selph (collectively Star Fuel) from the district court's order awarding

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

prejudgment interest to Musket Corporation on the damages awarded by the jury on its claim against Star Fuel for breach of implied contract. The sole issue on appeal is whether Musket was entitled to prejudgment interest. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The underlying facts are set forth in *Musket Corp. v. Star Fuel of Oklahoma, LLC*, 606 F. App'x 439 (10th Cir. 2015), and we repeat only the facts that are pertinent to the issue of prejudgment interest. Musket and Star Fuel are competitors in the wholesale fuel business. In early 2008, they entered into an implied risk-sharing arrangement that gave Star Fuel two options: (1) Musket could buy fuel from a supplier and then Musket and Star Fuel would jointly sell the fuel to a third party and share equally in the profits or losses, or (2) Star Fuel could purchase the fuel from Musket at Musket's cost plus one cent per gallon and assume all future profits or losses. In the summer of 2008, Musket purchased 840,000 gallons of fuel for resale. Star Fuel elected to purchase the fuel at $3.35 per gallon under the second option of the parties' arrangement. Thereafter, it gave Musket numerous assurances of its intent to perform. But Star Fuel refused to pay and Musket eventually sold the fuel to a third party for $1.4075 per gallon.

In November 2012, a jury entered a verdict in favor of Musket and against Star Fuel for breach of implied contract, among other things, and awarded Musket $1,631,700 in damages—the difference between the amount Star Fuel agreed to pay for the 840,000 gallons of fuel and the amount recovered by Musket when it resold the fuel. Later, however, the district court granted Star Fuel's motion for judgment

2

as a matter of law under Oklahoma law on the ground that the implied contract claim was barred by the statute of frauds.

On appeal, this court concluded that Star Fuel was equitably estopped from relying on the statute of frauds to defeat Musket's breach of implied contract claim. *See id*. at 450. We remanded the claim to the district court, which entered judgment against Star Fuel for $1,631,700 on the contract claim. The court also granted Musket's request for prejudgment interest under Okla. Stat. tit. 23, § 22. Star Fuel appeals.

"Where state law claims are before a federal court on supplemental jurisdiction, state law governs the court's award of prejudgment interest." *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1126 (10th Cir. 2003). Under Oklahoma law, "[p]re-judgment interest is only awarded if authorized by statute." *Johnson v. Ford Motor Co.*, 45 P.3d 86, 95 (Okla. 2002). Our "task is not to reach [our] own judgment regarding the substance of the common law, but simply to ascertain and apply the state law." *Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 665 (10th Cir. 2007) (internal quotation marks omitted). In doing so, we "must follow the most recent decisions of the state's highest court." *Id*. at 665-66.

There are two statutes that arguably apply. One is Okla. Stat. tit. 23, § 6, which states: "Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day. . . ." The other is Okla. Stat. tit. 23, § 22, which states: "The detriment caused by the

3

breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon." But the Oklahoma Supreme Court explains "a well established principle in [Oklahoma] is that where two statutes address the same subject, one specific and one general, the specific statute will govern over the general." *Bruner v. Timberlane Manor Ltd. P'ship*, 155 P.3d 16, 25 (Okla. 2006).

The parties agree that the Oklahoma Supreme Court has issued inconsistent decisions over the years concerning which statute—§ 6 or § 22—is more specific. Star Fuel relies primarily on *Pierce Couch Hendrickson Baysinger & Green v. Freede*, 936 P.2d 906, 914 (Okla. 1997), which held that "section 22 is a general statute regarding the measure of damages for breach of contract . . . [,] [therefore] section 6, the more specific statute controls over section 22, the more general statute." And Star Fuel further argues that because Musket could not recover unliquidated damages under § 6, it was also precluded from recovering the prejudgment interest authorized in the statute. *See id.* ("Under section 6, the damages must be liquidated to be recoverable.").

Musket, on the other hand, argues that the Oklahoma Supreme Court's most recent decision on the topic, *State ex rel. State Insurance Fund v. Accord Human Resources, Inc.*, 82 P.3d 1015, 1019 (Okla. 2003), holds that § 22 applies: "Section 22 is a special statute applying to a specific subject matter (the detriment caused by breach of obligation to pay money only) whereas section 6 is a general statute applying to damages generally." (internal quotation marks omitted).

4

Star Fuel argues that *Accord* is limited to claims involving insurance contracts. But we discern no such limitation in the court's holding. Instead, the court held that § 22 applied because the obligation to pay money was contractual in nature: "The rights and obligations created by an insurance agreement are contractual in nature. Thus, § 22, and not § 6, of Title 23 applies to an obligation to pay money fixed by a contract of insurance." *Id*. at 1020 (citations omitted). That the obligation in *Accord* arose from an insurance contract and the obligation between Musket and Star Fuel arose from an implied contract (the risk-sharing agreement) does not matter. Both obligations were contractual in nature.

Star Fuel argues that there is a more recent case that should be applied to bar Musket's recovery of prejudgment interest—*Krug v. Helmerich & Payne, Inc.*, 362 P.3d 205 (Okla. 2015). But in *Krug*, the prevailing party sought prejudgment interest under § 6—not § 22—and the court therefore did not discuss when prejudgment interest is proper under § 22. Instead, it held that prejudgment interest under § 6 is proper only where there are liquidated damages. *See id*. at 214-15.

We agree with the district court that *Accord* is the Oklahoma Supreme Court's most recent decision on the issue and we are therefore required to follow it. *See Wade*, 483 F.3d at 665-66. Musket is therefore entitled to prejudgment interest on its claim for breach of implied contract.

5

The judgment of the district court is affirmed.

Entered for the Court


Timothy M. Tymkovich
Chief Judge